IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Jose Cortez De Jesus, individually and on behalf of all similarly situated employees,
Plaintiff
v.
MVP Workforce, LLC, and Lawrence Gold individually, Defendants

## COMPLAINT

The Plaintiff Jose Cortez De Jesus ("Plaintiff"), individually and on behalf of all similarly situated employees, through 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS § 175 et seq., the Illinois Day and Temporary Labor Services Act ("IDTLSA") complains against MVP Workforce, LLC ("MVP") and Lawrence Gold ("Lawrence") (both referred to as "Defendants"), states:

## JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over the federal wage claim through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce).

2. This Honorable Court has supplemental jurisdiction over the Illinois wage claim through 28 U.S.C. § 1367 because it is so related to Plaintiff's federal claim that it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

4. Plaintiff's Notice to Become a Party Plaintiff in a Collective Action under the FLSA is attached as Exhibit A

5. During the course of employment:

   a. Plaintiff resided and was domiciled in this judicial district;

   b. Plaintiff worked for MVP from approximately May 2014 to December 2014;

   c. Plaintiff was a MVP "employee" as defined by Illinois and federal law;

   d. Plaintiff was a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS § 175/5, and was employed by Defendants to provide services to third party client companies;

   e. Plaintiff's job functions included operating machinery;

   f. Plaintiff's work activities engaged Plaintiff individually in commerce because Plaintiff handled goods that moved in interstate commerce such as equipment and supplies.

   g. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks;

   h. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks;

   i. In the three (3) years prior to Plaintiff filing his Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week, up to forty eight (48) hours per week in one or more individual work weeks;

    j. Plaintiff did not receive overtime wages despite working more than forty (40) hours weekly;

    k. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per week, Defendants did not pay Plaintiff overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours. Instead, Defendants paid Plaintiff his regular rate of $10.00 per hour for all time worked, including hours worked in excess of forty (40) hours per week;

    l. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance; and

    m. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

**Defendants**

6. MVP is an "enterprise" by the FLSA's definition, owned and operated a staffing agency within this judicial district, and is engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

7. Defendants have been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients companies pursuant to contracts between itself and the third party client companies.

8. Defendants have been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS § 175/5.

9. Defendants were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3

10. MVP has had, during the relevant employment period, at least two employees who have handled goods which have moved in interstate commerce.

11. Upon information and belief, MVP's annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

12. Lawrence is MVP's managing member, and was involved in MVP's day-to-day operations, including the policies that give rise to Plaintiff's claims.

13. Upon information and belief, Lawrence resides and is domiciled in this judicial district.

14. Defendants devised and maintained a companywide policy of failing to pay certain employees earned overtime wages.

## **COUNT I: FLSA OVERTIME WAGE VIOLATION**

15. Plaintiff incorporates all preceding paragraphs as if fully restated.

16. This Count arises from Defendants' willful FLSA violation for failure to pay Plaintiff and other similarly situated employees all earned overtime wages.

17. Through 29 U.S.C. § 216(b), this action may be maintained by any Plaintiff damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

18. Plaintiff was directed by Defendants to work, and did work, over forty (40) hours weekly.

19. Because Plaintiff worked over forty (40) hours weekly and was non-exempt from overtime wages, Plaintiff was entitled to received overtime wages.

20. All past and present employees of Defendants who performed non-exempt work and were not paid overtime wages are similarly situated to Plaintiff, because Defendants applied its illegal compensation policies, on a company-wide basis.

21. Defendants' failure to pay overtime wages was willful because Defendants did not act in good faith and had no reasonable grounds for believing that failing to pay overtime wages was not a FLSA violation.

22. Through 29 U.S.C. § 255(a), Plaintiff and other similarly situated employees are entitled to all unpaid overtime wages for up to three (3) years from the date of this complaint's filing because Defendants' FLSA violation was willful.

23. Through 29 U.S.C. § 260, Plaintiff and other similarly situated employees are entitled to recover liquidated damages because Defendants' FLSA violation was willful.

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Determine that this action may be maintained as a collective action through the FLSA.

B. Award all unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours weekly;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare that Defendants violated the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief deemed just.

## COUNT II: IMWL OVERTIME WAGE VIOLATION

24. Plaintiff incorporates all preceding paragraphs as if fully restated.

25. This Count arises from Defendants' IMWL violation for failure to pay Plaintiff and other similarly situated employees their earned overtime wages.

26. Plaintiff and similarly situated employees are entitled to be paid for all work performed.

27. Defendants directed Plaintiff to work and Plaintiff worked, over forty (40) hours weekly.

28. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees overtime wages for all hours worked over forty (40) weekly.

29. Through 820 ILCS § 105/12(a), Plaintiff is entitled to all unpaid overtime wages for three (3) years before this suit's filing whether Defendants' IMWL violation was willful or not.

30. Through 815 ILCS § 205/2, Plaintiff are entitled to recover interest for three (3) years before this suit's filing whether Defendants' IMWL violation was willful or not

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Award Statutory damages as set forth in 820 ILCS § 105/12(a);

B. Award Statutory interest as set forth in and 815 ILCS § 205/2;

C. Declare that Defendants violated the IMWL;

D. Award reasonable attorneys' fees and costs; and

E. Grant any other relief deemed just.

## COUNT III: IDTLSA WAGE PAYMENT NOTICE VIOLATION

31. Plaintiff incorporates all preceding paragraphs as if fully restated.

32. This Count arises from Defendants' IDTLSA violation for failure to provide Plaintiff and other similarly situated employees a proper wage payment and notice ("notice").

33. Defendants employed and assigned Plaintiff and similarly situated employees to work at a third party client company.

34. Defendants were obligated to provide Plaintiff and similarly situated employees a proper notice showing the name, address, and telephone number of each third party client at which the day or temporary laborer worked, the number of hours worked at each third party client each day during the pay period, the rate of payment for each hour worked, and all deductions.

35. Defendants violated the IDTLSA (820 ILCS § 175/30) by failing to provide Plaintiff and similarly situated employees with a proper notice. *See* Exhibit B

36. Defendants' violations prevented Plaintiff and similarly situated employees from determining whether wages were paid properly.

WHEREFORE, Plaintiff individually and on behalf of other similarly situated employees, respectfully requests that this Honorable Court:

A. Declare that Defendants violated 820 ILCS § 175/30;

B. Award Statutory damages up to $500.00 for each violation of 820 ILCS § 175/30;

C. Award reasonable attorneys' fees as provided by 820 ILCS § 175/95;

D. Grant any other relief deemed just.

Respectfully submitted,

**/s/ Valentin T. Narvaez**
Valentin T. Narvaez (6300409)
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-878-1302
vnarvaez@yourclg.com